IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES, | |
| Plaintiff(s), | No. C 10-0864 CRB (PR) |
| v. | ORDER |
| V. LIZAOLA, et al., | |
| Defendant(s). | |

On November 3, 2010, defendants filed a motion for summary judgment on plaintiff's prisoner complaint for damages under 42 U.S.C. § 1983. Plaintiff did not file an opposition; instead, he filed a notice of appeal claiming that the court had granted summary judgment in favor of defendants. The court has not yet ruled on defendants' motion for summary judgment.

In the interest of justice, plaintiff will be afforded a final opportunity to file an opposition to defendant's motion for summary judgment by no later than January 31, 2011.

Plaintiff again is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no

genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Defendants shall file a reply brief within 15 days of the date on which plaintiff files an opposition.

SO ORDERED.

DATED: 12/29/2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Dukes, D1.or1.wpd

2